MRS. AUGUST ROTHERT, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**JUSTICE OF THE PEACE:** Writ of Error—Return—Non-Responsiveness—Procedure. A non-responsive return by a justice of the peace to a writ of error and the affidavit accompanying the same should be met by an order of court compelling an amended return, even, if necessary, to the certification, in accordance with the truthful recollection of the justice, of the evidence taken before the justice. Sec. 4574, Code, 1897.

**APPEAL AND ERROR: Abstract of Record—Repetitions—Costs.**

2  Unnecessary repetition will be penalized by the taxation of the cost thereof to the one offending.

*Appeal from Clinton District Court.*—M. F. Donegan, Judge.

Wednesday, June 20, 1917.

In the district court, this case was pending on a writ of error issued therefrom to the justice of the peace before whom the case was originally tried. The return to the writ by the justice being incomplete and unsatisfactory to the defendant, it moved that the justice be required to amend his return and to make the same responsive to the affidavit for the writ. This motion was denied. From such order of denial, the defendant has appealed.—*Reversed and remanded.*

*F. W. Sargent, Ellis & McCoy,* and *J. H. Johnson,* for appellant.

*F. L. Holleran,* for appellee.

.Evans, J.—This case was originally
**1. Justice of the**
**peace: writ of** brought in the justice court. Judgment was
**error: return:**
**non-responsive-** rendered for the plaintiff for the amount
**ness: procedure.** claimed, $20. The defendant sued out a writ of error. The defendant's challenge to the judgment was predicated upon the general proposition that the action of the justice court in rendering judgment against the defendant was wholly arbitrary, and without the support of any evidence tending to show liability. The defendant appeared in the justice court at the trial, and contested liability. It caused all the proceedings and testimony therein to be taken down by a stenographer. The shorthand notes were immediately transcribed, and the transcript furnished to the justice. The affidavit in support of the writ of error purported to set forth all the testimony in

the case upon which the judgment was founded, and challenged the judgment as being without any support whatever. The writ having been duly served upon the justice, he made return thereto of his docket entries only. No response whatever was made to that portion of the affidavit which set forth the purported evidence. The purported reason for this refusal was that the justice had not preserved any record of the evidence, and that he could not certify to anything that did not appear upon his record. In support of its motion to require an amended return, the defendant introduced the stenographic report of the trial. He also examined the justice as a witness, whereby the justice testified as to the testimony introduced before him on the trial of the case. In such examination of the justice, the testimony was set forth quite fully. The court, nevertheless, denied the motion and certified the question here.

Code Section 4572 is as follows:

"A copy of the affidavit shall accompany the order and be served upon the justice, who shall, with the least practicable delay, make the return required."

Code Section 4574 is as follows:

"The court may compel a return to the writ, or an amended return when the first is not full and complete."

The manifest purpose of serving a copy of the affidavit upon the justice is to enable him to make his return responsive thereto. The purpose of Section 4574 is to compel him to do so. The justice is not bound to make the evidence in the case a matter of record at the trial. This, however, does not excuse him from certifying to particular evidence in accordance with his best recollection. The stenographic report was not binding upon him; nevertheless he was entitled to avail himself of it as an aid to his recollection. It was his privilege and duty to make such corrections in it as his recollection warranted. In his examination as a witness before the district court, the testi-

mony purported to be set forth quite fully by question and answer. We see no fair reason why the trial court should not have required the justice to amend his return in accordance with his own testimony, with any proper additions or corrections as should appear to the justice to be necessary to a true return. The motion for an amended return was improperly denied.

2. The appellant has filed herein an abstract of 56 pages. It sets forth, in detail all the proceedings in the justice court, including both evidence and opening statements of counsel. Such evidence is reprinted in the abstract as a part of the affidavit for writ of error; and the same is printed a third time as a part of the motion requiring an amended return. The result is that a grossly excessive expense is incurred in the preparation of the record here, and in a case involving but a few dollars. For the purpose of this appeal, a brief statement of the evidence was all that was necessary. No printing costs for the abstract will be taxed against appellee.

2. Appeal and error: abstract of record: repetitions: costs.

The order denying the motion for an amended return must be reversed.—*Reversed and remanded.*

Gaynor, C. J., Ladd and Salinger, JJ., concur.